[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10242
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00156-ACC-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN JOHN MCREE, SR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 27, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian McRee, Sr. appeals his sentences for sexual enticement of a minor and possession of child pornography.  McRee argues that his sentences were procedurally unreasonable because the district court: (a) increased his sentences pursuant to both U.S.S.G. § 4B1.5(b)(1) and § 2G2.2(b)(5), resulting in double counting, (b) relied on his status as a former police officer in imposing higher sentences, (c) increased his sentences under both § 2G2.2(b)(4) and (b)(2), resulting in double counting, and (d) applied a two-level increase under § 2G2.2(b)(6) for using a computer, when almost all child pornography offenses involve the use of a computer.  Finally, McRee argues that because of those procedural errors, his sentences were substantively unreasonable.

## I(a).

First, McRee argues that the district court erred by applying a five-level pattern of activity enhancement, under U.S.S.G. § 4B1.5(b)(1), after grouping the enticement and possession offenses, because that section explicitly does not apply to possession of child pornography offenses.  Furthermore, the court had already applied a five-level increase for pattern of activity within the possession of child pornography guideline, under § 2G2.2(b)(5), and so adding the second pattern of activity enhancement amounted to double counting.

We review a claim of double counting under the Guidelines de novo.  *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1220 (11th Cir. 2010).  Impermissible

2

double counting occurs only when one part of the guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of a different part of the guidelines. *Id.* Double counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if each section concerns conceptually separate notions related to sentencing. *Id.* We presume that the Sentencing Commission intended separate guideline sections to apply cumulatively, unless specifically directed otherwise. *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1310 (11th Cir. 1999).

Section 2G2.2(b)(5) of the sentencing guidelines provides for a five-level increase if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. Section 4B1.5(b)(1) applies to repeat and dangerous sex offenders against minors, and provides that, in any case in which the defendant's offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct, the offense level shall be five plus the offense level determined under Chapters Two and Three. Sexual enticement of a minor is a covered sex crime, but possession of child pornography is not. *See* U.S.S.G. § 4B1.5 cmt. (n.2).

The district court did not err in applying § 4B1.5(b)(1) because the plain language of § 4B1.5(b)(1) requires that that enhancement be applied *after* the

3

offense level is calculated under Chapters Two and Three.  Furthermore, applying both sections is permissible because each concerns conceptually different notions related to sentencing.

### I(b).

Second, McRee argues that the district court's reliance on McRee's history as a former police officer in imposing an upward variance was reversible error.

An error in the district court's calculation of the sentencing guidelines range warrants vacating the sentence, unless the error is harmless.  *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009).  Where a district court clearly states that it would impose the same sentence, even if it erred in calculating the guidelines, any error in the calculation is harmless.  *Id.* at 1248.

There was no upward variance in this case, but to the extent that McRee argues that consideration of his status as a former police officer resulted in higher sentences within the guideline range, any error was harmless, because the district court stated that it would apply the same sentences if it did not consider his status.  Accordingly, there was no error on this ground.

### I(c).

Third, McRee argues that the district court plainly erred by applying both U.S.S.G. § 2G2.2(b)(4) and § 2G2.2(b)(2), because using both enhancements resulted in impermissible double counting.

An appellate court may not correct an error the defendant failed to raise in the district court unless it is an error that is plain and that affects substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). If all three of those conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Error must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule. *United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007).

Under § 2G2.2(b)(2), the district court applies a two-level increase to the defendant's offense level if the material involved a prepubescent minor or a minor who had not attained the age of 12 years. If the material portrays sadistic or masochistic conduct or other depictions of violence, the district court applies a four-level increase under § 2G2.2(b)(4). There is every indication that the Sentencing Commission intended each applicable provision of § 2G2.2 to apply cumulatively. *United States v. Cubero*, 754 F.3d 888, 894 (11th Cir.), *cert. denied* (No. 14-16921) (U.S. Dec. 8, 2014). Therefore, the district court did not plainly err in applying both enhancements, because our binding precedent holds that each applicable provision of § 2G2.2 applies cumulatively.

I(d).

Fourth, McRee argues that the district court plainly erred when it applied a two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for use of a computer and cell phone, because, with technology today, child pornography offenses will almost always involve the use of a computer.

Section 2G2.2(b)(6) provides for a two-level increase in offense level if the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view material involving the sexual exploitation of a minor.  We have stated that Commission report that McRee cites as undermining the enhancements under § 2G2.2 did "not change the statutory sentencing scheme, the applicable sentencing guidelines, or the binding precedent about § 2G2.2 in this Circuit." *Cubero*, 754 F.3d at 900.

McRee admitted to investigators that he communicated with several children over the internet about sex and that he downloaded images and videos of child pornography off of the internet and stored them on a laptop and thumb drives, and he does not challenge those admissions on appeal.  Those facts are sufficient to support this enhancement, and so the district court did not plainly err.

6

II.

Finally, McRee argues that, in light of his objections to the procedural reasonableness of his sentences, his sentences and the upward variance were substantively unreasonable. He also points to his lack of criminal history and argues that other people who committed more serious crimes than him have less severe sentences.

We review the reasonableness of a sentence using a deferential abuse of discretion standard of review. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*). The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and factors outlined in 18 U.S.C. § 3553(a). *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). In evaluating the reasonableness of a sentence, we follow a two-step process, first determining whether the sentence is procedurally reasonable, and then if necessary, determining whether the sentence is substantively reasonable. *Id*. at 1323-24. A sentence may be procedurally unreasonable if the sentencing court fails to consider the factors set forth in § 3553(a), considers the Guidelines mandatory, fails to properly calculate the appropriate guideline range, or fails to adequately explain the chosen sentence. *Id.* at 1323.

In reviewing for substantive reasonableness, we examine the totality of the circumstances and ask whether the statutory factors in 18 U.S.C. § 3553(a) support

the sentence in question. *Id.* at 1324. The weight to be accorded any given

§ 3553(a) factor is a matter committed to the sound discretion of the district court.

*United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

First, there was no upward variance, and so McRee's arguments to that

effect fail. Second, McRee's objection to the substantive reasonableness of his

sentences rests on the other sentencing issues he raises on appeal, and, because

there was no error in any of the other issues, this argument also must fail. To the

extent McRee argues that his sentences were substantively unreasonable because

the district court did not give enough weight to his lack of criminal history, the

weight to be given to each § 3553 factor is committed to the discretion of the

district court. McRee's sentences are not substantively unreasonable.

Accordingly, we affirm.

**AFFIRMED.**